UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
In Admiralty

Case No:

GREAT LAKES INSURANCE SE,

    Plaintiff,

v.

SUNSET BOAT RENTALS AND TOURS, INC.,

    Defendant.
_____/

## COMPLAINT

Plaintiff, GREAT LAKES INSURANCE SE ("Great Lakes"), hereby sues the Defendant, SUNSET BOAT RENTALS AND TOURS, INC. ("Sunset Boat"), for a declaratory judgment, and in support thereof states as follows:

## JURISDICTION AND VENUE

1. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201.

2. Great Lakes designates this as an admiralty and maritime cause within the meaning of Fed. R. Civ. P. 9(h). This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1333, as it involves a dispute regarding a maritime contract. Great Lakes invokes the provisions of Rule 9(h), 38(e), and 82 of the Federal Rules of Civil Procedure.

3. Venue is proper within the United States District for the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district, and because a forum-selection clause in the insurance policy at issue in this case designates the Southern District of Florida as the appropriate venue.

4. Venue is proper in the Fort Lauderdale Division because the insured's agent resides in Plantation, Florida and the policy states jurisdiction is proper in "the Federal District court within which you the Assured resides or the Federal District court within which your insurance agent resides."

5. All conditions precedent to the filing of this action have occurred, been waived, or have otherwise been complied with.

6. Pursuant to the requirements of 28 U.S.C. § 2201 and Article III, Section 2 of the United States Constitution, a case or controversy exists and has existed between the Parties since the beginning of this action, such that an action for declaratory judgment is ripe and appropriate.

## PARTIES

7. At all times material to this action, Great Lakes is and was a corporation organized and existing under the laws of Germany and is and was a wholly owned subsidiary of Munich Re Group, with an office and principal place of business in Munich, Germany. Plaintiff Great Lakes is and was a citizen of Germany and is registered and authorized to conduct business in London, England.

8. At all times material to this action, Sunset Boat is and was a corporation existing under the laws of the State of Florida with its principal place of business in Key West, Florida. Sunset Boat is and was a citizen of Florida.

## FACTUAL ALLEGATIONS

9. On or about June 26, 2020, Chai Dutton, Gary M. Weidman, and Ronnie Ann Weidman were onboard a 2016 10' Walker Bay Open Motor Boat, hull identification no. EWVS0846H516 (the "Walker Bay"), on a cruise through navigable waters around Key West, Florida.

10. Mr. Weidman was operating the Vessel traveling North along the bayside of Cow Key Channel with Ms. Dutton and Mrs. Weidman as passengers when a 2005 15' Pistol, hull identification no. HJU19012L005 (the "Vessel"), owned by Sunset Boat, collided with the rear end of the Walker Bay (the "Incident").

11. At the time of this Incident, the Vessel was being operated by Mark Lewis Alexander.

12. At the time of the Incident, Mr. Alexander was leading a boat tour through Cow Key Channel.

13. As a result of the Incident, Ms. Dutton has made claims against Sunset Boat for damages.

14. Great Lakes issued a commercial yacht policy to Sunset Boat, policy no. CSRYP/181943, with effective dates of April 28, 2020 to April 28, 2021 (the "Policy"). The Policy was subsequently canceled as of August 20, 2020, per endorsement 12. A copy of the Policy, with all endorsements issued during its term and a revised vessel schedule reflecting those endorsements, is attached hereto as **Exhibit "A"** and is fully incorporated herein.

15. The Policy states, in relevant part, as follows:

> **1. DEFINITIONS**
>
> c) 'Covered person' means you, and/or any person detailed on your application form which has been submitted by you and approved by us, provided that person has been declared to us in writing as an operator of the Scheduled Vessel.
>
> *     *     *
>
> **9. General Conditions & Warranties**
>
> s) Where any term herein is referred to as a 'warranty' or where any reference is made herein to the word 'warranted', the term shall be deemed a warranty and regardless of whether the same expressly provides that any breach will void this insuring agreement from inception, it is hereby agreed that any such breach will void this policy from inception.

w) It is warranted that the Scheduled Vessel will be operated only by covered persons. However, in the event of an incident occurring when the vessel is being operated by any person other than a covered person that may give rise to a claim under this insurance, you have a period of seven days following such an incident to submit details of the operator for retroactive approval by underwriters. Such approval not to be unreasonably withheld.

\*     \*     \*

**11. Service of Suit, Choice of Law and Forum**

It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well-established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York.

\*     \*     \*     \*     \*

16. At the time of the Incident, there were fourteen approved operators scheduled on the Policy. Those operators were:

   a. Richard Welter II;

   b. Donald Kirkpatrick;

   c. Ian Lauritzen;

   d. Sean Pierson;

   e. Miles Hudson;

   f. John Clay Boyington;

   g. Andrew Santerio;

   h. John Ed Ray;

   i. James Occhuizzo;

   j. Charles Tenney;

   k. Bryan Shepler;

   l. Steve Miley;

   m. Nick Mercier; and

        n.        Rebekah Dunaj

17.    At the time of the Incident, Mr. Alexander was not scheduled as an approved operator of the Vessel.

18.    Sunset Boat did not request that Great Lakes add Mr. Alexander as a scheduled operator of the Vessel in the seven days following the Incident.

## COUNT I – BREACH OF WARRANTY

19.    Great Lakes reincorporates and realleges the allegations of Paragraphs 1-18 above as if more fully set forth at length herein.

20.    The Policy contained a warranty which provided that "It is warranted that the Scheduled Vessel will be operated only by covered persons. However, in the event of an incident occurring when the vessel is being operated by any person other than a covered person that may give rise to a claim under this insurance, you have a period of seven days following such an incident to submit details of the operator for retroactive approval by underwriters. Such approval not to be unreasonably withheld."

21.    At the time of the Incident, the Vessel was not being operated by a covered person within the meaning of the Policy.

22.    Pursuant to the Policy's choice-of-law provision, "any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York."

23.    Irrespective of the choice of law provision, both federal maritime and New York law strictly enforce warranties in marine insurance policies. Such express warranties must be

literally complied with, and noncompliance forbids recovery, regardless of whether the noncompliance was causally related to the loss.

24. Because the Vessel was being operated by Mark Lewis Alexander at the time of the Incident, and because Mr. Alexander was not a "covered person" within the meaning of the Policy, the named operator warranty was violated.

25. Because Sunset Boat did not "submit details of the operator for retroactive approval by underwriters" within seven days following the Incident, the savings clause of the warranty is not available to it.

26. Furthermore, General Condition s. of the Policy provides that "Where any term herein is referred to as a 'warranty' or where any reference is made herein to the word 'warranted', the term shall be deemed a warranty and regardless of whether the same expressly provides that any breach will void this insuring agreement from inception, it is hereby agreed that any such breach will void this policy from inception."

27. As such, not only is there no coverage for Ms. Dutton's claim, but the Policy is also void from its inception.

28. A present, and justiciable controversy exists between the Plaintiff and Defendant warranting the entry of a declaratory judgment by this Court that the Plaintiff owes neither a duty to defend nor a duty to indemnify Sunset Boat with respect to Ms. Dutton's claims.

WHEREFORE, Great Lakes respectfully requests this Honorable Court to adjudge and declare that there is no coverage for Ms. Dutton's claims against Sunset Boat and that the Policy is void from its inception. Great Lakes further requests that the Court grant any such further relief that the Court deems just and appropriate under the circumstances.

Dated: April 8, 2021.

                Respectfully submitted,

**DAVANT LAW, P.A.**
*Attorneys for Great Lakes*
12 Southeast 7th Street, Suite 605
Fort Lauderdale, FL 33301
Telephone: (954) 414-0400

By: */s/ Charles S. Davant*
     Charles S. Davant
     Florida Bar No. 15178
     csd@davantlaw.com
     Aaron M. Dmiszewicki
     Florida Bar No. 111455
     amd@davantlaw.com